[Crim. No. 418.   Second Appellate District.—November 12, 1915.]

THE PEOPLE, Respondent, v. E. RICHMAN, Appellant.

CRIMINAL LAW — ASSAULT WITH DEADLY WEAPON — DEFENDANT AS WITNESS IN PROSECUTION OF COMPLAINANT—FAILURE TO READ SECTION 1324, PENAL CODE—IMMUNITY.—A defendant informed against for the crime of assault with a deadly weapon is not exempt from prosecution for such offense because of the fact that he was called and examined as a witness in another court in a prosecution against the complaining witness for the same offense, without having first had read to him section 1324 of the Penal Code, where there is nothing in the record to show that the testimony thus given was of an incriminating nature, except the recital in a minute order of a stipulation of counsel that the defendant was examined "as to matters and things concerning said fight, and said defendant was required and did testify concerning the same."

ID.—SECTION 1324, PENAL CODE—PURPOSE OF.—The purpose of the enactment of section 1324 of the Penal Code is to enable prosecuting officers to obtain the testimony of persons implicated in a criminal transaction without violating the constitutional provision which gives to every person the right to refuse to incriminate himself by his testimony, and where no incriminating testimony is given, the constitutional provision is not violated.

APPEAL from a judgment of the Superior Court of San Diego County.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Wright & Winnek, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Appellant was, by an information filed in the superior court of San Diego County, charged jointly with Richard Richman with having committed the crime of assault with a deadly weapon upon the person of Daniel W. Johnson. The assault was alleged to have been committed on or about the twenty-fourth day of October, 1914. At the trial the jury returned verdicts finding Richard Richman not guilty and finding E. Richman guilty of having committed a simple assault. Upon this verdict appellant was sentenced to serve a term of imprisonment in the county jail. This appeal was taken from the judgment.

Appellant contends that because he was called and examined before another court concerning matters affecting the transaction set forth in the information in this case, without having first had read to him section 1324 of the Penal Code, no further proceedings could be taken against him and that the court was without authority to pronounce the judgment as entered. This proposition was urged in the court below, first upon a motion to dismiss the proceedings and later by request for an instruction to be given to the jury. It appears from the record as presented by the reporter's transcript that the Richmans, who were father and son, and Johnson, the complainant in this case, had some dispute concerning their rights to use water from a pumping plant. On October 24th an altercation occurred which resulted in physical force being resorted to between the parties. This prosecution was thereupon instituted, and later Richard Richman caused to be filed a complaint in the justices' court charging Johnson with a similar crime as that which the latter had preferred against him. The hearing on the charge so preferred by Richman came on before the justice of the peace and the two Richmans were called as witnesses and testified at that examination. On March 27, 1915, after the information was filed in this case and the defendants had entered their pleas thereto, the defendants presented a motion to dismiss. The ruling of the

court was adverse to them. In the minute order in which was recorded the facts as to the hearing on the motion was contained the following recitation:

"Come the people by H. V. Mather, Esq., Deputy District Attorney, and come the defendants herein by counsel, Leroy A. Wright, Esq., and it is stipulated in open court that subsequent to Oct. 24, 1914, the day on which the fight occurred between defendants and Daniel W. Johnson, the defendants E. Richman and Richard Richman were examined by Deputy District Attorney of San Diego County in the case of the *People of the State of California,* Plaintiff, v. *Daniel W. Johnson,* charged with assault upon E. Richman and Richard Richman and that at said preliminary hearing an inquiry was being conducted as to the fight that occurred on Oct. 24, 1914. That both of the defendants in the above entitled case were examined by the District Attorney as to the matters and things concerning said fight and said defendants were required to and did testify concerning the same. That prior to the defendants being sworn and prior to their testifying Section 1324 of the Penal Code of the State of California was not read to them nor was its substance stated to them and without said section being read or its substance stated to said defendants they and each of them did voluntarily testify concerning the offense for which they are prosecuted in this case. That said testimony was given on the 9th day of February, 1914."

Section 1324 of the Penal Code, the provisions of which were relied upon by the appellant to support his motion to dismiss, provides that a person offending against any of the provisions of the Penal Code, or other law of the state, is a competent witness against any other person so offending; that he may be compelled to attend and testify at any trial or other judicial proceeding in the same manner as any other person, with the proviso that if such witness demands that he be excused from testifying on the ground that his testimony may incriminate him, he shall not be excused, but in that case the testimony so given shall not be used in any criminal prosecution or proceeding against the person testifying, except for perjury in giving such testimony, and "he shall not be liable thereafter . . . to prosecution nor punishment for the offense with reference to which his testimony was given, or for or on account of any transaction, matter or

thing concerning which he may have testified or produced evidence, documentary or otherwise.'' The section then proceeds to provide that no person shall be exempt from prosecution for the offense with reference to which he may testify, or for or on account of any transaction concerning which he may have testified, where he does so voluntarily or where he fails to ask to be excused from testifying, ''on the ground that his testimony or such evidence, documentary or otherwise, may incriminate himself, but in all such cases, the testimony or evidence, documentary or otherwise, so given may be used in any criminal prosecution or proceeding against the person so testifying or producing such evidence.'' This provision then follows: ''Any person shall be deemed to have asked to be excused from testifying or producing evidence, documentary or otherwise, under this section, unless before any testimony is given or evidence, documentary or otherwise, is produced by such a witness, the judge, foreman or other person presiding at such trial, hearing, proceeding or investigation, shall distinctly read this section of this code to such witness. . . .'' The whole purpose of this enactment seems to have been to enable prosecuting officers to obtain the testimony of persons implicated in a criminal transaction. Under the provisions of section 13, article I, of the constitution, no person may be compelled to give testimony against himself. The protective force of the constitutional provision applied to cases where the testimony sought from a party involved in a criminal transaction might tend in some way to fasten the crime upon him. In order to furnish a means by which testimony of an interested party, even though it might tend to incriminate him, might be obtained in aid of the prosecution of other persons, the legislature has provided that such testimony may be compelled, but that when it is extracted in this mandatory way the person giving the self-incriminating testimony may not be subjected to prosecution for the offense concerning which he has furnished evidence against himself. Under the construction which we feel impelled to give to the provisions of the section, it would seem that in order to make the objection presented by the appellant available and of force, it must be shown that the testimony given by the appellant at the preliminary examination of Johnson was of an incriminating nature. Aside from the reference found in the minute order hereinbefore

quoted, as to the nature of the testimony so given, there is
nothing in the entire transcript which shows what the testi-
mony, if any, of appellant, as given before the committing
magistrate in the Johnson case, was, either in detail or sub-
stance.   The son, Richard Richman, testified that he and his
father were called in that case to the witness-stand and that
he, Richard Richman, testified therein.   The record of the
trial is wholly silent as to whether this appellant gave any
testimony at all at that preliminary examination.   So we
revert to the contents of the minute order for the purpose of
determining this question.   In that order it is recited that
the district·attorney stipulated that at the preliminary exami-
nation of Johnson this appellant was examined ''as to matters
and things concerning said fight, and said defendants were
required to and did testify concerning the same,'' and that
section 1324 of the Penal Code was not read to them, nor
its substance stated.   It should be remembered that the prose-
cution at no time offered in this trial any of the testimony
alleged to have been given by the appellant at the prelimi-
nary examination of Johnson.   So we are left to determine
only as to whether, where a person testifies relative to occur-
rences which are concerned in the matter of a criminal charge
pending against him, he is, because of that fact alone and
regardless of the character of his testimony so given, there-
after exempt from any prosecution growing out of any occur-
rence about which he has testified, unless before giving his
testimony he has read or stated to him what is provided by
section 1324 of the Penal Code.   At the outset in this opinion
we have suggested what we conceive to be the true design
out of which section 1324 of the Penal Code was originated;
that was, to enable testimony of an interested party to be
secured without violating the constitutional provision which
gives to every person the right to refuse to incriminate him-
self by his testimony.   If no incriminating testimony is given,
then of course the constitutional provision is not violated;
neither should any exemption from prosecution follow in
favor of a person who has not so been compelled to furnish
evidence against himself.   The mere statement in the stipu-
lation that the appellant testified before the magistrate ''as
to matters and things concerning said fight, and said defend-
ants were required to and did testify concerning the same,''
in nowise warrants the conclusion that the testimony so given

was of an incriminating nature. The likelihood is that, if we may indulge in speculation, the testimony given was entirely exculpatory of any offense committed on the part of appellant. Appellant has cited the case of *People* v. *Knowles,* 27 Cal. App. 498, [155 Pac. 137]. Nothing is said in that decision which is out of harmony with the views that we have herein expressed. We may call attention to one paragraph in the opinion: "It was conceded at the argument that the testimony given by the defendant did in fact incriminate himself, as well as the others charged in the indictment, and was the testimony on which, in part, the indictment was founded." In the case now under review the condition of fact which was presented in the Knowles case and which we deem most material to give point to appellant's contention, was entirely wanting.

For the reasons given, it is ordered that the judgment be and it is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 10, 1916.