[Crim. No. 515. Second Appellate District.—November 16, 1916.]

THE PEOPLE, Respondent, v. JAMES ALLEN, Appellant.

CRIMINAL LAW—ROBBERY—EVIDENCE—EFFORT TO INDUCE WITNESS TO CHANGE TESTIMONY—EXCLUSION OF PROOF—LACK OF ERROR.—In a prosecution for the crime of robbery, the defendant is not prejudiced by the rulings of the court in sustaining objections to questions addressed to a witness for the defense on his direct examination, as to whether or not the district attorney's office had promised the witness, who was jointly charged with the crime, immunity from prosecution if he changed his testimony from that given at the two former trials of the case, in the absence of any claim that the testimony of the witness was influenced in any way, or that he testified other than truthfully.

ID.—DEFENDANT AS WITNESS AT TRIAL OF PERSON JOINTLY CHARGED—FAILURE TO READ SECTION 1324, PENAL CODE—DISMISSAL UNWARRANTED.—A defendant jointly charged with the commission of a crime is not entitled to have the prosecution against him dismissed upon the ground that he was called as a witness for the defendant in the trial of the person jointly charged with him and therein gave testimony which clearly tended to incriminate himself as well as the defendant, and that section 1324 of the Penal Code was not read to him when he was thus called.

ID.—CONVICTION OF ASSAULT WITH INTENT TO COMMIT ROBBERY.—A verdict of assault with intent to commit robbery may be found under an information charging the crime of robbery, where the evidence is in conflict as to whether any money was taken by the defendant from the person named in the information.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. H. T. Dewhirst, Judge.

The facts are stated in the opinion of the court.

Frank T. Bates, Walter J. Hartzell, Raymond E. Hodge, and Charles L. Allison, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—This case is a companion to that of *People* v. *Horgan, ante,* p. 105, [162 Pac. 399], Crim No. 505, an opinion in which, affirming the judgment therein, was this day filed. The defendant here was jointly charged with Horgan and one Dan Boyd with robbing Jacob Widener. Upon trial he was convicted of assault with intent to rob one Jacob Widener. He appeals from the judgment and an order of court denying his motion for a new trial.

The facts as to the commission of the offense are identical with those presented in the Horgan case, and, as in that, the defendant here complains of a number of rulings by the court in admitting and excluding evidence, some of which were discussed in the Horgan case. As to these it is unnecessary to repeat what was there said.

Dan Boyd, a witness for the defense, was, on direct examination, interrogated as follows: "Q. Have you been approached by anybody, either the sheriff or district attorney of this county, to change your testimony as given at the two former trials of this case? Q. Is it not a fact that an officer from the district attorney's office came to you while you were in the county jail, and endeavored to get you to change your testimony? Q. And didn't he tell you at that time that if you would change your testimony that would convict Allen that the case against you would be dismissed?" to all of which objections were sustained. In the absence of any enlightenment upon the subject, we are unable to perceive what purpose defendant had in asking the questions, or how they could possibly be material and pertinent to the issues being tried. It is not claimed that Boyd's testimony was influenced in any way, or that he testified other than truthfully; and even if it were conceded that the county officers did try to corrupt and induce him to commit perjury, since they failed to succeed, defendant could not be prejudiced by such efforts.

A number of questions were asked by the district attorney on cross-examination, to which objections were sustained and the jury told to disregard the questions; nevertheless defend-

ant assigns the asking thereof as misconduct of the district attorney and well calculated to prejudice defendant in his substantial rights. We do not think so. There is nothing in the circumstances presented by the record from which a presumption of prejudice could be drawn, based upon the action of the district attorney in asking the questions, answers · to some of which the court might properly have permitted as cross-examination. The record presents nothing upon which prejudicial misconduct of the district attorney can be predicated.

Since the order in which testimony may be introduced is a matter largely in the discretion of the court (*People* v. *Jones,* 123 Cal. 65, [55 Pac. 698]), its action, in the absence of anything showing an abuse of discretion, in permitting the prosecution on rebuttal to offer testimony that it might have introduced in chief, will not be disturbed. Defendant was accorded every opportunity to which he was entitled in meeting such alleged new evidence.

As stated, defendant was jointly charged with the commission of the crime with James Horgan, who it appears was tried and convicted. At the trial, Allen was called as a witness on behalf of defendant and gave testimony which clearly tended, not only to incriminate the defendant Horgan, but also to incriminate himself. When the trial of this defendant was called, his attorney made a motion to dismiss the case against him upon the ground that section 1324 of the Penal Code had not been read to him when called as a witness for the defendant Horgan. The purpose of this provision is to enable prosecuting officers, by granting the immunity therein provided, to obtain testimony *against* one charged with an offense in cases where, prior to the enactment, a witness was protected by section 13, article I, of the constitution. The language is that such person "is a competent witness against any other person so offending." In the case of *People* v. *Richman,* 28 Cal. App. 761, [155 Pac. 142], this court, in discussing the interpretation to be given the statute, said: "The whole purpose of this enactment seems to have been to enable prosecuting officers to obtain the testimony of persons implicated in a criminal transaction. Under the provisions of section 13, article I, of the constitution, no person may be compelled to give testimony against himself. The protective force of the constitutional provision applied to cases where

the testimony sought from a party involved in a criminal transaction might tend in some way to fasten the crime upon him. In order to furnish a means by which testimony of an interested party, even though it might tend to incriminate him, might be obtained in aid of the prosecution of other persons, the legislature has provided that such testimony may be compelled, but that when it is extracted in this mandatory way the person giving the self-incriminating testimony may not be subjected to prosecution for the offense concerning which he has furnished evidence against himself." Defendant was not called as a witness *against* Horgan, but, without objection, testified for him. Availing himself of his constitutional right, when so called, he, under section 13 of article I of the constitution, might have refused to testify on the ground that his testimony would tend to connect him with the commission of the crime for which Horgan was being prosecuted. In our opinion, the provision was not intended to apply to codefendants called as witnesses for the defense, but to enable the prosecuting officer to obtain the testimony of those *particeps criminis* to a crime for the commission of which another is being prosecuted. To hold otherwise would mean that in the trial of one of a dozen persons jointly charged with the commission of a crime pursuant to a conspiracy, he, since the district attorney would have no voice in the matter, might by calling his codefendants as witnesses secure their discharge from prosecution, however well equipped with conclusive evidence of their guilt the district attorney might be, thus depriving him of the control of the prosecution of those accused of committing crimes.

Another point made by appellant as ground for reversal arises out of that part of the charge of the court to the jury which deals with the form of their verdict and the offenses of which he might be convicted under the information. The court instructed the jury that their verdict might be either one of "not guilty," or one of "guilty of robbery as charged in the information," or "guilty of grand larceny," or "guilty of assault with intent to rob one Jacob Widener." The verdict of the jury was, as hereinbefore stated, "guilty of assault with intent to rob one Jacob Widener." Appellant insists that, inasmuch as the information charged defendant with the commission of robbery, committed as follows: "The said . . . James Allen . . . on the sixteenth day of January,

1916, at the said county of San Bernardino, state of California, did willfully, unlawfully and feloniously, and by means of force and fear, rob, take, steal and carry away from the person, possession and immediate presence of Jacob Widener, and against the will and without the consent of the said Jacob Widener, . . . then and there the property of the said Jacob Widener," he could not be convicted of assault with intent to rob, since the information contained no appropriate allegations charging him with such offense. In our opinion, the contention is without merit. Section 1159 of the Penal Code provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." Robbery is defined by section 211 of the Penal Code as the "felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." In *People* v. *Chavez,* 103 Cal. 407, [37 Pac. 389], the court says: "It may be conceded that an assault with intent to commit rape, as well as a simple assault, are included in the offense here charged"; which was that of rape. There is evidence which clearly tends to prove that defendant was guilty as charged in the information, namely; that while Horgan, at the point of a loaded pistol, commanded those in the gambling-room to hold up their hands, and by means of such force and the fear resulting therefrom, he, the defendant, proceeded, against the will of Widener, to take money from his pockets. That it was done with a guilty intent, admits of no doubt. In order, however, to constitute robbery, the defendant must have obtained money from Widener. Upon this point the evidence is in conflict, and apparently the jury were not convinced beyond a reasonable doubt that he obtained any money in the search of Widener's pockets. Such act, assuming no property was obtained from him, while incomplete as a robbery, possessed all the elements of robbery other than the taking of money. The assault was made and made with the intent to rob. That it was not accomplished may be due to the fact that Widener possessed no money, or to other causes. While an assault with intent to commit a crime may constitute an attempt, the converse of the proposition is not true, since there may be an attempt to commit a crime, such as larceny, for instance, unaccompanied by an

assault. In robbery, however, there must be an assault, accompanied by an intent to rob, and the actual taking of the property by force and against the will of the one robbed; and since this is true, the lesser crime, namely, an assault with intent to commit robbery, lacking in the one element of the crime charged, is included in the offense for which defendant was prosecuted. Upon the record, which we have examined with some care, the jury might very well have acquitted the defendant; but since, on the other hand, there is evidence upon which they might have properly convicted him of the offense charged, this court cannot disturb the verdict rendered to the effect that he was guilty of an assault with intent to commit robbery.

The judgment and order are, therefore, affirmed.

Conrey, P. J., and James, J., concurred.