[Crim. No. 970. Fourth Dist. July 22, 1954.]

THE PEOPLE, Respondent, v. RICHARD WATTS, Appellant.

Richard Watts, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant, who was represented by an attorney at all stages of the proceedings, was convicted by a jury of the crime of violating section 476a of the Penal Code in issuing and passing a check in the sum of $61.50 on the Lovely Lady Shop, in Colton, without having any funds in the bank to meet the check at the time. He admitted two prior convictions of felonies.

About 5:30 p. m. on October 19, 1953, defendant appeared at the dress shop with a woman with whom he had been living. They selected several garments and defendant gave his personal check on a bank in Colton in payment thereof. The banker testified that defendant had never had an account or credit with that bank.

The only question presented to the jury was whether defendant informed the dress shop clerk that he had no account

at the time but expected to have one in a short time, and asked her to notify him if it was not paid upon presentation.

The clerk testified that about closing time the defendant wrote out the check in payment of the merchandise; that she remarked: "Oh, a check at this time of the night?" And defendant said: "Sure, haven't you ever seen a check before?" and that she replied: "Yes—but at this time of the night it is certainly irregular"; that he assured her it would not "bounce" and that all the money he had was in that bank; that he had just arrived in Colton from the East and had his money transferred here; that she asked for identification and the defendant presented his driving license from Ohio, and another card with his picture on it; that nothing was said by the defendant about not having any account with the bank and he made no request to hold the check.

Defendant testified he told the clerk he intended to pay for the merchandise by check; that he did not have the cash; that the clerk asked him if he had money in the bank and he told her he did not know whether the money would be in the bank yet, but he was expecting some money from his father and also some from back home from a loan on his automobile and it should be there within the next two days and that he would give her his name and address and she could notify him if the check was not paid and he would then see that it was taken care of immediately. He then testified that the clerk took the check; that he had four days previously attempted to make some arrangements to borrow money on his car and expected the loan to go through any time to meet the check, but that the loan was not accepted.

At the time of defendant's apprehension on October 23d, when interviewed by an officer, defendant stated that he had written the check in question and also some other checks, and that he had no account with the bank but hoped to sell his car and obtain a loan on it and pay off the checks. Defendant at that time made no statement to the officer that the clerk in the store here in question was informed by him that he had no account in the bank or that he expected to have money therein within the next few days. Defendant admitted on cross-examination that he did not mention this claimed fact to the officer.

Defendant, in propria persona, appealed from the judgment of conviction and order denying a new trial, and contends generally: (1) that too great a delay resulted after

his detention before he was taken before the magistrate for arraignment. (2) That he was erroneously denied a motion to have his attorney relieved as his counsel because "he was not cooperative," and that by reason thereof his constitutional rights were violated. (3) That he was misinformed of his rights when his counsel told him that if he admitted the prior felonies they could not be brought up at the trial before the jury, but that on cross-examination the district attorney nevertheless asked him if he had not been convicted of these same felonies. (4) That the district attorney maliciously questioned the defendant in respect thereto. (5) That no felonious intent to defraud was shown by the evidence in reference to the passing of the check in question and that defendant's attorney refused to call a certain witness who would be able to testify on this subject. (6) That cruel and inhuman treatment was inflicted upon the defendant prior to trial because of the acts of the officers in destroying medicine given to the defendant for his ulcers, and that their statement to him that he should die and that if he did die it would be just one "G-D—S-O-B less" in the world, was all in violation of his constitutional rights.

As to complaint number (1) the record does not disclose the facts other than defendant's statement in his brief on appeal. Accordingly, defendant may not complain for the first time on appeal that he was not taken before the magistrate within the time prescribed by section 825 of the Penal Code.

As to complaint number (2) the record shows that defendant was represented by competent counsel up to the time of his arraignment. At his attorney's request and with the consent of the defendant he was relieved as counsel for the defendant and another competent attorney was appointed by the court as counsel to represent the defendant. Defendant and his appointed counsel appeared and entered a plea of not guilty. No justification appears for defendant's request that his appointed counsel be relieved from further service to defendant. At the trial defendant's counsel appeared and apparently conducted, in a proper manner, such defense as defendant was able to present, and defendant never thereafter indicated any dissatisfaction in reference to the manner in which his counsel conducted his case. No prejudice appears in this respect. (*People* v. *Ives,* 17 Cal.2d 459, 476 [110 P.2d 408]; *People* v. *Stroble,* 36 Cal.2d 615 [226 P.2d 330].)

As to complaints numbers (3) and (4), no impropriety

or misconduct resulted when the district attorney inquired on cross-examination whether defendant had suffered two previous convictions of felonies. Section 2051 of the Code of Civil Procedure permits this inquiry as a means of impeachment of defendant's testimony. (*People* v. *Romer*, 218 Cal. 449 [23 P.2d 749].) Defendant should have been familiar with the provisions of this section, and the action of the district attorney in this respect does not indicate any malice or misconduct.

 Complaint number (5) that no intent to defraud was shown is answered by the recitation of the People's testimony which the jury had the right to believe. It had the right to disregard defendant's testimony in this respect. (*People* v. *Boyce*, 87 Cal.App.2d 828 [197 P.2d 842]; *People* v. *Brown*, 72 Cal.App.2d 717, 720 [165 P.2d 707].) There was no sufficient showing made in reference to what any witness which defendant claimed his counsel failed or refused to call would testify, or of its competency or materiality. There is no indication that defendant called this fact to the attention of his counsel or of the court at the time of trial or indicated that such a witness was available and would so testify. No prejudicial error resulted.

The last complaint made, number (6), that defendant was given inhuman treatment by the officers, is not supported by the record other than defendant's bald, unsworn statement to this effect in his opening brief. If true, it is apparent from the statement claimed to have been made by the officer, that he did not want to be accused of understating his opinion of the defendant. There is no indication that defendant made any statement or confession as a result of or by reason of his claimed mistreatment by the officers. It cannot be said that the defendant was thereby prejudiced.

Judgment and order affirmed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied August 2, 1954, and appellant's petition for a hearing by the Supreme Court was denied August 19, 1954.