[Crim. No. 1702. Fourth Dist. May 10, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM HENRY NORTHRUP, Defendant and Appellant.

William Henry Northrup, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Samuel L. Williams, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Appellant was charged in an information with the crime of conspiracy to violate Penal Code, section 311, subdivision 3. The information alleged three overt acts and that appellant had two prior felony convictions. Appellant admitted the prior convictions and pleaded not guilty to the charge. He was found guilty after a jury trial and appeals from the judgment of conviction and from an order denying his motion for a new trial.

The evidence discloses that appellant asked Ronald Fowler to locate girls who would do modeling and told Fowler that he would be paid $100 for each girl who could pass a "screen test." Fowler eventually located a girl named Lois Wyllie, who indicated some willingness to pose for pictures. Fowler had told Lois that she would be paid anywhere from $100

to $1,000 for posing. Appellant interviewed Lois in San Bernardino County and found her to be suitable for posing. Appellant wore a mask during the initial part of this interview and throughout their dealings appellant and his brother used fictitious names when dealing with Lois. Lois was reluctant to pose for appellant, but after being offered attractive inducements she consented to go to Burbank to "take pictures." Appellant drove Lois from her home in Fontana to an apartment in Burbank. There appellant and his brother and codefendant Dale Northrup took several obscene photographs of Lois. Appellant then drove her back to her home in Fontana.

Later, appellant attempted to sell copies of these photographs to Fowler. Fowler refused to buy them and appellant then gave him several copies and asked Fowler to sell them for $1.00 each. Fowler eventually gave the pictures to a friend who destroyed them.

On January 13, 1961, appellant was arrested by his parole officer in Fontana. The car which he was operating was searched and copies of the photographs taken of Lois were found in the car. At first appellant denied knowing that the photographs were in the car (which did not belong to him), but later he admitted knowing that the photographs were in the glove compartment of the car.

Appellant did not take the stand in his own defense but his brother testified. Dale Northrup admitted that the pictures of Lois were taken by him and the appellant in the Burbank apartment, but denied that any prior agreement was made between himself and Lois, Fowler, or the appellant to take obscene photographs. However, Dale Northrup admitted that he made certain preparations and obtained certain special photographic equipment prior to the occasion during which the photographs were taken.

█ Appellant's first contention is that the photographs received in evidence were illegally obtained because they were discovered during a search conducted without a warrant and at a time when the officers had no probable cause to believe that appellant had committed a felony.

Appellant's contention is without merit. The record does not reveal that the search and seizure were conducted without a warrant. Here, as in *People* v. *Goldberg*, 152 Cal.App.2d 562, 572 [314 P.2d 151]: "The record is silent as to whether the officers who seized them [exhibits received in evidence] had a search warrant. In that event their seizure is presumed

to have been lawful." See also *Hatjis* v. *Superior Court,* 144 Cal.App.2d 426, 427 [301 P.2d 44].

The appellant also claims that he was illegally arrested, in that there was no warrant or probable cause for his arrest. Again, the record does not show that there was no warrant for appellant's arrest nor is there any evidence showing lack of probable cause. Where there is no evidence that the arresting officers did not have warrants for the arrest of the appellant, it is presumed on appeal that the arrest was lawful. (*People* v. *Vaughn,* 155 Cal.App.2d 596, 599 [318 P.2d 148].)

Nor does the record indicate that the defense objected to the admissibility of this evidence upon the grounds that it was obtained as the result of an illegal search. After the prosecutor offered these exhibits in evidence, there was a discussion as to the relevance of some of the photographs. Counsel for the defense then said, "I will object on behalf of both defendants to the admissibility of any of these photographs, your honor." The objection was overruled. It is clear that counsel did not specify the ground upon which he objected to the admissibility of the evidence. Even if the appellant's objection is considered in the light of the discussion which immediately preceded it, the objection was still insufficient to raise the question of illegal search and seizure. An objection to the admissibility of evidence because it was procured as the result of an illegal search is a specific objection which must be brought to the attention of the trial court. (*People* v. *Carter,* 192 Cal.App.2d 648, 661 [13 Cal.Rptr. 541].) It cannot be raised on appeal by an objection to the relevance of the evidence at the trial. (*People* v. *Lint,* 182 Cal.App.2d 402, 414-415 [6 Cal.Rptr. 95]; *People* v. *Rodriquez,* 135 Cal. App.2d 757, 759 [288 P.2d 147]; *People* v. *Calliham,* 81 Cal. App.2d 928, 933 [185 P.2d 342].)

Appellant further claims that after his arrest he was not taken before a magistrate within the time prescribed by section 825 of the Penal Code. The record again is devoid of facts relating to this claim. Here, as in *People* v. *Watts,* 126 Cal.App.2d 659, 662 [272 P.2d 814]:

"As to complaint number (1) [where appellant claims he was not promptly brought before a magistrate] the record does not disclose the facts other than defendant's statement in his brief on appeal. Accordingly, defendant may not complain for the first time on appeal that he was not taken before the magistrate within the time prescribed by section 825 of

the Penal Code." See also *People* v. *Price,* 172 Cal.App.2d 776, 780 [342 P.2d 437].

 The appellant also argues that his parole was revoked on a prior sentence without compliance with Penal Code, section 3063. There is absolutely no evidence in the record relating to the revocation of the appellant's parole. Therefore, this matter cannot be considered on appeal.

 Appellant contends that he was deprived of equal protection of the law, in that the court granted immunity to Ronald Fowler and Lois Wyllie and did not grant immunity to him. Appellant's contention is contrary to one of the main purposes of the immunity statutes, which is to make it possible to reach the leaders of criminal conspiracies by guarantying immunity and thereby obtaining the testimony of their underlings and minor helpers. See *People* v. *Fowler,* 119 Cal.App.2d 657, 664 [260 P.2d 89]; *Commentary to the Model State Witness Immunity Act,* 9C U.L.A. 203. In *People* v. *Clemons,* 182 Cal.App.2d 808, 818 [6 Cal.Rptr. 727], the court said:

"Appellant argues to the effect that the state may not single out persons and give them immunity if they testify and deny immunity to others, 'nor may it base that immunity solely upon the fact that they are called as witnesses for the People without giving the same right to the defense.' A similar argument, with reference to an immunity statute, was made in *People* v. *Fowler,* 119 Cal.App.2d 657 [260 P.2d 89]. It would not serve a useful purpose to restate herein extended portions of that opinion. The said section 1324 of the Penal Code, as applied to appellant's position as shown by the evidence herein, is not unconstitutional."

Appellant contends that there was no evidence that he and his brother agreed to prepare lewd and obscene photographs. In considering this contention, the appellate court must assume in favor of the verdict the existence of every fact which can be reasonably deduced from the evidence, disregarding conflicting evidence from whatever source, and then determine whether such facts are sufficient to support the verdict. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]; *People* v. *Alexander,* 78 Cal.App.2d 954, 957 [178 P.2d 813].) Furthermore, a conspiracy can usually be proved only by circumstantial evidence and it is not necessary to prove an actual agreement to work together to perform the unlawful acts charged. The only proof available may result from actions of the parties which manifest an intent to carry out a common

purpose to violate the law. (*People* v. *Allen,* 104 Cal.App.2d 402, 414 [231 P.2d 896].)

Here, the evidence shows that Dale Northrup participated in appellant's efforts to obtain Lois' services as a model; that when appellant brought Lois to Dale's apartment in Burbank, Dale had special photographic equipment on hand to take the photographs received in evidence during the trial; that appellant posed the model while Dale exposed the film negatives; that these negatives were developed, enlarged and imprinted by Dale, who then turned the finished photographs over to appellant and appellant then attempted to sell them. From this evidence, the jury could reasonably have concluded that appellant and Dale Northrup did agree to prepare obscene and indecent pictures.

Appellant contends that the crime of conspiracy was not proved, since he alone was found to have committed overt acts I and II. The record shows that, although the jury found that overt acts I and II were not true as to Dale Northrup, it found that overt act III was true as to both defendants. As was said in *People* v. *Pierce,* 110 Cal. App.2d 598, 610 [243 P.2d 585] : ''Further, the overt act may be accomplished by only one of the conspirators and yet be sufficient, for the members of the conspiracy are bound by all acts of all members done in furtherance of the agreed plot.'' See also *People* v. *Creeks,* 170 Cal. 368, 374 [149 P. 821] ; *People* v. *Cornette,* 158 Cal.App.2d 724, 729-730 [322 P.2d 1001] ; *People* v. *Benenato,* 77 Cal.App.2d 350, 356 [175 P.2d 296]. The jury's finding that overt acts I and II were true as to the appellant is sufficient to support his conviction for the crime of conspiracy. The coconspirator, Dale Northrup, is bound by appellant's overt acts. Furthermore, since overt act III was found to be true as to both defendants, this finding alone would be sufficient to support the conviction.

Appellant next contends that the trier of fact had no jurisdiction to determine the truth of overt act III as alleged in the information, since it was not committed in the county in which the trial was held. It is well settled that where some of the overt acts performed to further the object of a conspiracy occur in two different counties, the superior court of either county has jurisdiction to prosecute. (*People* v. *Benenato, supra,* 77 Cal.App.2d 350, 357; *Loser* v. *Superior Court,* 78 Cal.App.2d 30, 32-33 [177 P.2d 320].) Since overt acts I and II were committed in

San Bernardino County, the superior court of that county had jurisdiction to try the case.

Appellant contends that the court erred in refusing to dismiss the information on his motion under Penal Code, section 995, but this error cannot be considered here, since the proceedings before the committing magistrate have not been brought to this court on appeal. (*People* v. *Bartlett*, 153 Cal. App.2d 574, 578-579 [314 P.2d 995]; *People* v. *Angell*, 192 Cal.App.2d 551, 559 [13 Cal.Rptr. 637].)

Appellant's last contention is that the trial court erred in refusing to grant his motion for a mistrial. The record indicates that during the trial appellant's parole officer was asked the question, "At that time was the defendant arrested by anyone?" The witness answered, "He was arrested by our office for parole violation." At that point appellant's counsel moved that the answer be stricken and the jury admonished to ignore it and also moved for a mistrial. The court denied the motion for a mistrial but struck all of the answer after the word "arrested" and the jury was admonished to ignore what was said.

In *People* v. *Darnel*, 28 Cal.App.2d 122, 127 [82 P.2d 209], a similar occurrence took place and the court said: "As soon as he discovered his error, the witness corrected his testimony and the trial judge struck out his former evidence and admonished the jury to disregard it. We must assume that the jury followed the admonition of the court and disregarded the testimony stricken out." See also *People* v. *O'Farrell*, 161 Cal.App.2d 13, 19 [325 P.2d 1002]; *People* v. *Mock Don Yuen*, 67 Cal.App. 597, 599-600 [227 P. 948].

Even if this misstatement of the witness was error, the evidence of appellant's guilt is so overwhelming, corroborated as it is by his brother's testimony, that he was not prejudiced. (Cal. Const., art. VI, § 4½; *People* v. *Watson*, 46 Cal.2d 818, 835-837 [299 P.2d 243].)

Judgment and order denying new trial affirmed.

Shepard, J., and Coughlin, J., concurred.

A petition for a rehearing was denied June 4, 1962, and appellant's petition for a hearing by the Supreme Court was denied July 3, 1962.