[Crim. No. 15995. Second Dist., Div. Two. Oct. 31, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
RALPH EUGENE STEWART, Defendant and Appellant.

## COUNSEL

Bruce P. Wolfe for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Michael L. Abrams, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**WRIGHT, J.**—Appellant, Ralph Eugene Stewart, and Edward Arthur Timmons were charged by information with two counts of kidnaping for the purpose of robbery (violations of Pen. Code, § 209) and with two

counts of robbery (violations of Pen. Code, § 211). Each count alleged that both appellant and Timmons were armed with a deadly weapon, to wit, a knife, at the time of the commission of each offense. Pleas of not guilty were entered by both of the accused as to all counts.

On the day set for trial appellant withdrew his plea of not guilty to one charge of robbery and entered a plea of guilty. Thereafter appellant personally and all counsel waived right to jury trial on the armed allegation and the fixing of the degree of the robbery. A probation officer's report was ordered and it was agreed that the cause be continued to a later date for probation hearing and sentencing, for determination of the armed allegation, for fixing of degree of the robbery and for disposition of the remaining three counts. On the date of the later hearing the trial judge found the armed allegation to be not true, fixed the degree of the offense as in the second degree, denied probation and sentenced the appellant to the state prison for the term prescribed by law. On motion of the People the three remaining counts were dismissed by the court in the interest of justice. Appellant appeals on the limited question of error claimed to have been committed by the trial court by imposing judgment and sentence on a plea of guilty after a grant of immunity pursuant to the provisions of Penal Code section 1324[1] made subsequent to such plea.

## STATEMENT OF FACTS

As the issue before this court is not only a narrow but a unique one, it is unnecessary to set forth the facts surrounding the crimes of which appellant and the codefendant were convicted. Such a statement is not only unnecessary but impossible as the record on appeal does not include that portion of the proceedings. What does appear from the record is that after appellant entered a plea of guilty to one count of robbery, further proceedings were continued to a future date. Included in the matters to be disposed of later were the two counts of kidnaping and the remaining count of robbery filed against appellant. After receipt of the guilty plea from appellant the trial judge proceeded with the trial of the codefendant, Timmons. Appellant was

---

[1]Relevant portions of Penal Code section 1324 provide as follows: "In any felony proceeding . . . if a person refuses to answer a question or produce evidence of any other kind on the ground that he may be incriminated thereby, and if the district attorney of the county in writing requests the superior court . . . to order that person to answer the question or produce the evidence, a judge . . . shall set a time for hearing and order the person to appear before the court and show cause, if any, why the question should not be answered or the evidence produced, and the court shall order the question answered or the evidence produced unless it finds that to do so would be clearly contrary to public interest, . . . and that person shall comply with the order. After complying, and if, but for this section, he would have been privileged to withhold the answer given or the evidence produced by him, that person shall not be prosecuted or subjected to penalty or forfeiture for or on account of any fact or act concerning which, in accordance with the order, he was required to answer or produce evidence."

called by the People as a witness to testify against his confederate and after refusing to testify on the grounds of possible self-incrimination, appellant waived issuance of order to show cause and hearing under section 1324 of the Penal Code and consented to the issuance of an order compelling him to answer questions and produce evidence in the case involving Timmons. The trial judge thereupon signed the required order which contained the following language: "After complying with the order, the above named witness [the appellant] shall not be prosecuted or subjected to penalty or forfeiture for or on account of any question, fact or thing, which, in accordance with this order, the witness was required to answer or produce." Appellant then gave testimony at Timmons' trial and the latter was convicted of all four counts contained in the information.

At the time of the hearing on the application for probation and for sentencing no reference was made by the trial judge, counsel for the People or counsel for appellant to the effect that the grant of immunity precluded sentence being imposed on the offense to which appellant had entered a plea of guilty.

Counsel for appellant not only waived formal arraignment for judgment and sentence but indicated that there was no legal cause why sentence should not be imposed. Counsel then made a vigorous argument to the court asking for a grant of probation and mentioned as one reason for favorable court consideration the appellant's cooperation as a witness.[2] From the colloquy between the court and both counsel it is apparent that no one was laboring under the impression that any promises had been made to appellant in exchange for his cooperation as a witness.

## CONCLUSION

Neither appellant nor respondent has furnished this court with any authority in support of his respective position. By argument appellant contends that it was clear that the Legislature intended Penal Code section 1324 to be a broad and sweeping grant of immunity against imposition of

---

[2]Relevant statements to the court by counsel are as follows: Mr. Wolfe [counsel for appellant] "The defendant testified in this case on behalf of the prosecution against the codefendant. He also cooperated in that he testified in another case against another accomplice for receiving stolen property. His testimony in both cases resulted in convictions for the prosecution, convictions which I maintain could not have been secured without his testimony. I think that the District Attorney will concur that he did so testify and cooperate, enabling the People to get convictions in each case. I think the court should take this matter into consideration. . . . Mr. Reichman [Deputy District Attorney] . . . The defendant did testify in the case in which he was a codefendant. No promises were made to him at that time. I promised him nothing. I promised his wife nothing, but he testified when he was called, and apparently he went and was made a witness in another case surrounding the same transaction, in which he did testify. Nothing was promised to him that I know of by anybody. I would not stand in the way of any break that the Court might want to give him. Mr. Wolfe: Now I am not suggesting there was any promises made to the defendant, your Honor."

penalty for any criminal conduct and not merely a bar to using his statements against him in any future proceeding. Under the facts of the cause before this court we do not interpret the section in such a manner.

■ It is a complete answer to appellant's argument to state that sentence was not imposed by reason of any question he might have answered or for any evidence he might have produced at the trial of Timmons. Sentence was imposed solely by reason of his prior voluntary plea of guilty to the charge of robbery. Such a plea, of course, removed appellant from the protection against self-incrimination afforded by the Fifth Amendment to the Constitution of the United States and from the purview of section 1324 of the Penal Code insofar as it related to that particular offense. ■ The plea of guilty was an admission of every element of the offense charged. (See *People* v. *Jones,* 52 Cal.2d 636, 651 [343 P.2d 577]; *People* v. *Johns,* 173 Cal.App.2d 38, 42 [343 P.2d 92].) Appellant was not subjected to any additional prosecution or penalty as the record reflects that the remaining three counts charged against him were properly dismissed by the court.

■ The main purpose of the enactment of Penal Code section 1324 seems to have been to enable the People to secure testimony and other evidence from persons implicated in criminal activities. When self-incriminating evidence is extracted under the mandatory compulsions of that code section such a person cannot then be prosecuted for the offense concerning which he gave evidence against himself. (See *People* v. *Richman,* 28 Cal.App. 761, 764 [155 P. 142].) The statute also makes it possible to reach leaders of criminal transactions by guarantying immunity to individuals who are often only underlings or minor participants. (See *People* v. *Northrup,* 203 Cal.App.2d 470, 475 [21 Cal.Rptr. 448].) We are of the opinion that the Legislature did not intend to torture the meaning of said section in the manner advocated by appellant. It is worthy of note that we have not been enlightened as to whether appellant actually furnished any evidence against Timmons on the charge to which he (appellant) had entered the plea of guilty. We were not furnished with a transcript of the court proceedings involving that individual. However, such additional information is not essential to our determination of the cause before us. ■ No one including the appellant was misled by the grant of immunity, no promises of any nature had been made, and there is no suggestion that he or his counsel entertained a belief that no punishment would be imposed for the offense of robbery of which appellant had been convicted by plea. The trial court retained jurisdiction to sentence appellant and did so after an appropriate hearing.

The judgment and sentence are affirmed.

Herndon, Acting P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1969.