**STATE**

v.

**Dorothy LaCHAPPELLE et al.**

**No. 85–329–C.A.**

Supreme Court of Rhode Island.

July 3, 1986.

Arlene Violet, Atty. Gen., Thomas Dickinson, Sp. Asst. Atty. Gen., for plaintiff.

David L. Martin, Paul J. DiMaio, Grilli DiMaio & Berson, Providence, for defendants.

### OPINION

PER CURIAM.

The defendants, Dorothy and Dennis LaChappelle, appeal from a Superior Court denial of their motions to correct sentence. We affirm.

The LaChappelles pleaded nolo contendere to multiple counts of manufacturing and trafficking in controlled substances. Subsequent to sentencing but prior to execution thereof, defendants were subpoenaed to testify at the trial of a codefendant. The LaChappelles invoked their Fifth Amendment privileges against self-incrimination. Ultimately, defendants were granted immunity and ordered to testify by the presiding justice of the Superior Court pursuant to G.L. 1956 (1981 Reenactment) § 12–17–15, as amended by P.L. 1981, ch. 243, § 1.[1] The defendants complied with the order. At least a portion of their testimony related to the charges to which they had previously pleaded nolo contendere.

Pursuant to G.L. 1956 (1985 Reenactment) chapter 9.1 of title 10, and Rule 35 of the Superior Court Rules of Criminal Procedure, defendants subsequently filed motions to correct their sentences. In substance, the LaChappelles contended that the immunity provisions of § 12–17–15 preclude execution of any previously imposed sentence when such punishment results from any criminal transaction about which a witness is subsequently compelled to testify. In denying defendants' motions, the trial justice rejected such an interpretation. The trial justice concluded that the statute was intended to operate prospectively only. We agree.

Acceptance of the retroactive-immunity theory propounded by defendants would contravene what we perceive to be the clear intent of the Legislature. Section 12–17–15 reflects the traditional purpose of immunity statutes, which is to protect wit-

---

1. General Laws 1956 (1981 Reenactment) § 12–17–15, as amended by P.L. 1981, ch. 243, § 1, provides in pertinent part as follows:

   "Compelling evidence in criminal proceedings—Immunity.—Whenever a witness * * * refuses, on the basis of his privilege against self-incrimination, to answer a question or to produce other evidence of any kind, in a criminal proceeding before any court or grand jury of this state, the attorney general may, in writing, request the presiding justice of the superior court * * * to order the witness to answer the question or produce the evidence. The court, in its discretion, after notice to the witness, may order the witness to answer the question or produce the evidence. The witness may not refuse to comply with the order on the basis of his privilege against self-incrimination; but the witness shall not be prosecuted or subjected to penalty or forfeiture for, or on account of, any transaction or matter regarding which, in accordance with the order, he gave answer or produced evidence and no testimony or other information compelled under the order shall be used against the witness in any criminal case, except he may be prosecuted or subjected to penalty or forfeiture for any perjury, false swearing or contempt committed in answering or failing to answer, or in producing or failing to produce evidence, in accordance with the order."

nesses who are compelled to present evidence from the use of their testimony and evidence derived therefrom in a subsequent prosecution. *Reina v. United States,* 364 U.S. 507, 513, 81 S.Ct 260, 264, 5 L.Ed.2d 249, 255 (1960); *Commonwealth v. Sklar,* 497 Pa. 404, 413, 441 A.2d 1201, 1206 (1982). Such a purpose would not be furthered by the retroactive application suggested by defendants. The statute is devoid of any suggestion of a legislative intent that the immunity provisions operate retroactively so as to negate previous convictions or the penalties resulting therefrom.

In the instant case, the challenged punishment did not result from, nor were the defendants subject to, any prosecution occurring subsequent to their compliance with the presiding justice's order. Rather, the sentences resulted solely from the defendants' prior, voluntary pleas of nolo contendere. *See People v. Stewart,* 1 Cal. App.3d 339, 81 Cal.Rptr. 562 (1969). Therefore, the defendants are not entitled to relief from execution of the sentences imposed.

Accordingly, the defendants' appeals are denied and dismissed and the judgment appealed from is affirmed. The papers in the case are remanded to the Superior Court.