[Crim. No. 5225. Second Dist., Div. One. Mar. 7, 1955.]

THE PEOPLE, Respondent, v. ARTHUR FREDERICK SMALLFIELD, Appellant.

Eugene V. McPherson for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DRAPEAU, J.—Defendant, Arthur Frederick Smallfield, was a professional appraiser of the contents of dwelling houses, generally for insurance purposes. His employer sent him to appraise the furnishings of the home of the complaining witnesses in this case, Mr. and Mrs. Norman B. Herman. Mr. Herman had made arrangements with defendant's employer to do this work.

Defendant was admitted to the Herman home in Beverly Hills, and given free run of the house, with no one to watch him. After he had been working there for three or four days, Mrs. Herman missed a sable scarf, valued at $4,500, a 5.6 carat, Marquise-cut diamond, some bird-of-paradise feathers, and a lady's handbag.

Complaint was made to the police department of Beverly Hills, and defendant was arrested as he left the Herman house at the end of his day's work. He was searched at the police station, and the officers found on his person an electric razor. At the preliminary examination Mr. Herman positively identified this razor as one he bought in Germany.

The police officers accused defendant of stealing the fur, the diamond, and the other articles. He denied the accusation, gave the officers the keys to his room, and told them they could look there but they wouldn't find any of the stolen property.

The officers went to defendant's room, and found the fur, the diamond, the feathers, and the handbag. When confronted with them, defendant told the officers he had taken the fur and the diamond from the Herman home.

After an extensive trial defendant was convicted by the trial judge of two counts of grand theft—the fur and the diamond. As to one count the court suspended proceedings, and put defendant on probation. As to the other count the court pronounced judgment, and put the defendant on probation. Terms of probation were the same as to each count: five years, concurrently, with the first six months in the county jail.

Defendant appeals from the judgments, and from the order denying his motion for a new trial.

Defendant's argument that the evidence is insufficient to sustain the judgment is without merit. He labors the point that the diamond was an heirloom in his family, that the fur belonged to his mother, and that the identification of them as property of the Hermans was not good enough.

Perhaps some trier of fact might so find, but the great weight of the evidence is to the contrary.

Defendant admitted he took the fur and the diamond from the Herman house, and they were found in his room. A fur merchant identified the scarf found in defendant's room and introduced in evidence as one he sold to the Hermans. Mrs. Herman said that to the best of her knowledge and belief it was her scarf.

The evidence as to identity of the diamond was not so strong as the evidence as to the identity of the fur. But to suggest that there were two Marquise-cut diamonds, weighing approximately 5.6 carats each, one belonging to defendant's family the other to the complaining witnesses,

taxes coincidence to too great an extent. In any event it was for the trial judge to settle the conflict. The verdict on both counts is supported by substantial evidence, and that is all there is to it. (*People* v. *Daugherty,* 40 Cal.2d 876 [256 P.2d 911]; *People* v. *Wissenfeld,* 36 Cal.2d 758 [227 P.2d 833]; *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778].)

Indeed it would be hard to find a criminal case in which the evidence for the People supports more satisfactorily a verdict of guilt of a defendant. His insistence that the fur and the diamond belonged to him lacks the focus of truth, and is out of perspective with the whole case. Moreover, the electric razor found on his person when he was arrested just as he left the Herman house, and positively identified by Mr. Herman, is a circumstance which counts heavily against him. His testimony that he bought the razor in Los Angeles, when it was equipped with electric connections that would not fit any electric plug in California but that would fit such plugs in Germany is palpably untrue.

Defendant's specifications of error as to the admission of, and the exclusion of, evidence have been examined, and are likewise without merit.

The alleged errors occurred at the preliminary examination, the record of which by stipulation was submitted to the trial judge. But the judge's attention was not called to any of them. ■ When a defendant stipulates that the evidence upon a preliminary examination may be considered by a trial court, such defendant must advise the court of any objections to evidence or rulings on the preliminary examination.

The judgment and the order denying defendant's motion for a new trial are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 6, 1955.