[Civ. No. 21933.   Second Dist., Div. One.   Sept. 13, 1956.]

GEORGE ALVARADO HATJIS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Robert Thomas Baca for Petitioner.

S. Ernest Roll, District Attorney, Jere J. Sullivan and Lewis Watnick, Deputy District Attorneys, for Respondent.

NOURSE (Paul), J. pro tem.*—Petitioner seeks a writ of prohibition to prevent the respondent court from trying him upon an information charging him with the violation of section 11500 of the Health and Safety Code, that court having denied his motion made pursuant to section 995 of the Penal Code to set aside that information.

It is petitioner's contention that the police did not have probable cause to believe that he had committed a felony and that therefore his arrest was illegal, and that the heroin found upon his person was illegally seized and was therefore improperly admitted into evidence by the committing magistrate.

The relevant facts, as shown by the evidence before the committing magistrate, are: The arresting officers had received, two or three days before the arrest, information from two sources that a person known only as "Al" and another known only as "Green Eyes" were selling narcotics from the hotel room in which petitioner was later arrested. This information had been received from two sources, one of which had supplied information to the officers before, but the officers had never made an arrest upon the basis of information given by this informant, and no testimony was given which would indicate that the informants were or were not reliable.

Prior to the arrest the officers had placed the hotel under surveillance and had seen quite a heavy traffic in and out of the hotel; and people in the traffic had been identified to the officers as addicts. On the day the arrest was made the arresting officers maintained a surveillance of the hotel, and they had observed two known narcotic users entering and leaving the hotel. The officers then entered the hotel and in a hallway thereof placed under arrest one Robert Rivera, the occupant of Room 8, and he gave his consent to the officers' entering his room. This they did. Upon entering Room 8 they found petitioner and one Frovo. They immediately placed both Frovo and petitioner under arrest, and upon searching petitioner found a capsule which was proved to contain heroin.

Over objection by counsel for petitioner the officers were then allowed to testify as to certain admissions made by petitioner. There was evidence that the officers did not have a warrant to search Room 8, but there was no direct evidence as to whether they had a warrant for the arrest of petitioner. There was no evidence that petitioner was the person known

*Assigned by Chairman of Judicial Council.

as "Al" or the person known as "Green Eyes," or that the officers placed petitioner under arrest under the belief that he was either of these persons. The capsule seized from petitioner's person was admitted into evidence by the committing magistrate over the timely objection of petitioner's counsel.

There can be little doubt that if there had been direct evidence that the arresting officers did not have a warrant for petitioner's arrest, the facts established by the evidence could not be held to constitute probable cause to believe that the defendant had committed a felony and thus made his arrest lawful. (*People* v. *Dixon,* 46 Cal.2d 456 [296 P.2d 557]; *People* v. *Kitchens,* 46 Cal.2d 260 [294 P.2d 17].)

██ While it might well have been inferred by the committing magistrate from the evidence offered, that the officers did not have a warrant for petitioner's arrest, it was his function as the trier of the fact, and not ours, to draw that inference; and we must presume that he did not draw it. The petitioner having failed to establish that the officers did not have a warrant for petitioner's arrest, it is presumed that his arrest was lawful. (Code Civ. Proc., § 1963, subds. 1, 15, 33; *People* v. *Farrara,* 46 Cal.2d 265, 268 [294 P.2d 21].)

██ This presumption was sufficient to support a finding by the committing magistrate that the arrest was lawful and that therefore the search of defendant's person as an incident thereto was a reasonable one, and his admission of the capsule, which established the corpus delicti, into evidence was justified.

It follows that the respondent court properly denied petitioner's motion to set aside the indictment (*Badillo* v. *Superior Court,* 46 Cal.2d 269, 272 [294 P.2d 23]).

The alternative writ of prohibition heretofore issued is discharged, and a peremptory writ denied.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied October 10, 1956.