[Crim. No. 5762.   Second Dist., Div. Two.   Apr. 18, 1957.]

THE PEOPLE, Respondent, v. COHODA DANNY B. WADE, Appellant.

282

Cohoda Danny B. Wade, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

MOORE, P. J.—Defendant has appealed a judgment convicting him of three counts of "Petty Theft with Prior Conviction of a Felony, to wit, Attempted Grand Larceny, Second Degree" in violation of section 667 of the Penal Code. The same party appealed another judgment which has been affirmed this day. (*People* v. *Wade, Crim. No. 5824, post,* p. 286 [309 P.2d 843].)

Appellant was accused of three separate felonies, to wit, petty theft with a prior felony conviction. The losses sustained by the victims were $53, $19, and $1.00. With each charge it was alleged that prior thereto he had been convicted of attempted larceny and had served a term in prison in New York. Despite his motion under section 995, the information was in all respects valid. In bringing the judgment to this court, he is confronted with some salutary rules that apply to all appeals from convictions of crime, laid down in *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778], and in prior and subsequent decisions. ■ "It must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusions reached in the court below." (See *People* v. *Perkins,* 8 Cal.2d 502, 510 [66 P.2d 631]; *People* v. *Tom Woo,* 181 Cal. 315, 326 [184 P. 389]; *People* v. *Green,* 13 Cal.2d 37, 42 [87 P.2d 821]; *People* v. *Borrego,* 211 Cal. 759, 765 [297 P. 17]; *People* v. *Arenas,* 128 Cal.App.2d 594, 600 [275 P.2d 811].)

■ The evidence was abundant. Exhibit 5 was the purse of Miss Contreras. She recognized it as her own. Exhibit 6 was the purse of Miss Olsen. She had owned it over a year when it disappeared. The testimony of the two women of their ownership of the two purses was sufficient to warrant the implied finding that the merchandise was theirs (*People* v. *Smallfield,* 131 Cal.App.2d 324, 325 [280 P.2d 497]), and their testimony that they did not give anyone consent to remove the items from their possession was not disputed. ■ As to appellant's contention that certain purses were not sufficiently identified as the property of the complaining witnesses, the law merely requires the production of material and substantial evidence in proof of the charge. (*People* v. *Parry,* 105 Cal.App.2d 319, 323 [232 P.2d 899].) Miss Contreras saw appellant at the place where she worked (Division of Highways) and soon thereafter observed that her purse was gone. Miss Olsen's testimony was identical. ■ The witness Bateman testified that he took a camera to room 1343-C in the Federal Building. He gave a dollar bill to Mr. Fuller,

an internal revenue inspector who inserted it in a wallet which was placed in a purse in a desk. The purse was tied to a string which was connected with a microswitch; it was connected to a cord which operated the camera. The camera was set for the purpose of detecting some unauthorized person who might enter the desk in room 1343-C. Bateman watched the latter room from room 1343-A, 12 feet from room 1343-C. The flash went off and at once appellant ran speedily out of the room in view of Mr. Bateman. The latter had given no one permission to take the dollar, but it had disappeared. Officer Thor, having obtained a photograph of appellant, took him into custody and drove him to the home of Miss Green, girl friend of appellant. She gave the officer a large number of purses including the purses of Misses Contreras and Olsen. (Exhibits 5 and 6.) Appellant was there and stated that he had purchased both articles and had given them to Miss Green. He admitted to the officer that he had been in the State Highway Department Administration Building but denied that he had ever been in the Federal Building or the Capitol Records Building. As Officer Thor and appellant made their way to the county jail, they passed the Sheriff's Administrative Facilities, and appellant asked the officer to look through a window into a room and see a purse sitting on a desk. Thereupon he said to Officer Thor: "Do you see how easy it is? Do you see how easy it is? Now, do you blame me?"

The foregoing testimony is sufficient, coming from living witnesses in the courtroom, to warrant the finding that appellant stole the purses and the dollar bill.

### Illegal Search and Seizure

Appellant invokes the doctrine of illegal search and seizure against an imaginary condition. ■ There is no evidence that the officers (Thor and Sergeant Williams) who called at Miss Green's apartment with appellant had no search warrant. On the contrary, in the absence of such evidence, it must be presumed that they were armed with such warrant. (*Hatjis* v. *Superior Court*, 144 Cal.App.2d 426, 428 [301 P.2d 44].) ■ Neither was there any evidence, or fact from which it might be inferred, that Miss Green's abode was appellant's residence. On arrival there, Miss Green admitted the officers and appellant and she freely presented the purses to the officers. No claim was made at the trial that the apartment was appellant's residence and when the officer referred to it as Miss Green's he was not corrected by appellant. Such proof

reasonably warranted a finding that it was Miss Green's apartment.

### Trial Judge Prejudiced

■ Appellant does not show diligence with reference to the matter of the alleged statement of the trial judge to the effect that he had said to a public defender in the course of respondent's presenting its case, that he had already decided appellant was guilty. If such fact had occurred, it was appellant's duty at once to file an affidavit of prejudice. (Code Civ. Proc., § 170, subd. 5.) Also, an affidavit of prejudice must state the facts showing that prejudice existed in the mind of the judge. (*People* v. *Darby,* 114 Cal.App.2d 412, 438 [250 P.2d 743].) ■ In order to take advantage of section 170, subdivision 5, *supra*, a party's affidavit must be filed so that the judge may file his answer thereto to the end that another judge may try the disqualification upon the proofs presented. Nothing appears in the record to indicate any prejudice. The trial judge was kind and attentive and "strongly" urged appellant at the commencement of the trial to accept the services of a lawyer, *gratis*. ■ The statement of the judge at the conclusion of the trial cannot be evidence of prejudice at the commencement of the trial. He had heard the evidence of the People and had observed the behavior of appellant during the trial, had actually found him guilty, and had considered the report of the probation officer. It was the judge's duty at that time to draw such conclusions about appellant's character as may have been justified by the record.

The judgment is affirmed.

Fox, J., and Ashburn, J., concurred.