[Crim. No. 5824. Second Dist., Div. Two. Apr. 18, 1957.]

THE PEOPLE, Respondent, v. COHODA DANNY WADE, Appellant.

Cohoda Danny Wade, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was accused by amended information in five counts charging: Count 1, violation of section 496, Penal Code, receiving stolen property; Count 2, burglary; Count 3, grand theft with a prior conviction in New York of attempted grand larceny and of having served a term in the State Prison; Counts 4, 5 and 6, petty theft with a prior conviction in New York of a felony, to wit, attempted grand larceny, second degree, for which he allegedly had served a term therefor in the state prison.

December 7, 1954, he pleaded guilty to Count 1 including the alleged prior conviction of attempted grand larceny. Sentence was suspended. He was given probation for a period of five years with conditions attached. On June 29, 1956, when he was convicted of having committed three petty thefts, his probation was revoked. The other counts of the information having been dismissed, he was thereupon sentenced to

imprisonment in the state prison for the term prescribed by law. He appealed from the judgments convicting him of the three petty thefts, Criminal Number 5762, and filed his opening brief in the instant action. Just what appellant seeks in either appeal is not wholly clear.

To the charge of having received stolen property, he pleaded guilty in open court. He makes no effort to revoke that plea. It was a part of the case when the judge suspended the execution of appellant's sentence. Not only did he declare his guilt of having violated section 496, but he pleaded guilty also to a prior conviction in the Court of General Sessions of the State of New York of having attempted grand larceny, a felony in that state, and to having served a term in her state prison. There is no conceivable basis for interfering with such a judgment.

After his probation had been revoked in this action, he declined the services of counsel in the trial court for further proceeding and did not ask for the appointment of defense counsel on this appeal. The appeal is inane.

Judgment affirmed.

Fox, J., and Ashburn, J., concurred.