[Crim. No. 2851.   Third Dist.   Sept. 16, 1958.]

THE PEOPLE, Respondent, v. VICTOR E. LAISNE, Appellant.

T. N. Petersen for Appellant.

Edmund G. Brown, Attorney General, Doris H. Maier and William O. Minor, Deputy Attorneys General, for Respondent.

PEEK, J.—By information defendant was charged with a violation of section 702 of the Welfare and Institutions Code in that he sold intoxicating liquor to a minor, thereby tending to cause the minor to lead an idle, dissolute, lewd and immoral life. The case was submitted on the record of the preliminary hearing supplemented by written argument of counsel. From the judgment of conviction which was thereafter entered, defendant appeals contending (1) that the evidence was insufficient to support the judgment, and (2) that the court erred in excluding certain testimony and exhibits.

The record shows that on the evening of December 24, 1956, James, the minor, attended a party at a friend's home at which several persons between the ages of 16 and 20 were present. It was decided that some liquor should be obtained, and a collection was taken up for that purpose. James, with two other minors, drove to the Chateau Laisne, a bar and restaurant near Mariposa, which was owned and operated by the defendant. James purchased a fifth of vodka,

two pints of bourbon and some beer. No request was made by the defendant for any identification, nor did James make any statement relative to his age. After the sale the boys returned to the party where the liquor was consumed. At the conclusion of the preliminary hearing, which was before Judge Thomas Coakley of the Superior Court of Mariposa County, it was stipulated that the case would be submitted for decision upon the transcript of the evidence taken at the preliminary hearing and the written argument of counsel. Subsequently Judge Coakley disqualified himself, and the cause was submitted to Judge R. R. Sischo of Merced County.

It is defendant's first contention that since the final decision in the case was made by a judge who did not see or hear the witnesses but had only the written record before him, this court should therefore reweigh the evidence on appeal.

Here it should be noted that defendant was not compelled to submit the case for determination upon the evidence produced at the preliminary examination. Had he desired the judge to see the witnesses personally and hear the testimony he had every right to a court trial. To allow him now to attack the conclusion of the court on the very basis upon which he allowed it to be submitted would be to go far afield from the established rules of appellate practice. The rule so frequently quoted from *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778], is equally as applicable to this proceeding as it would be to one after a conventional hearing before a court or jury. In other words, the limited scope of review has been consistently followed in cases such as the present. (See *People* v. *Miller,* 145 Cal.App.2d 473 [302 P.2d 603] ; *People* v. *Smallfield,* 131 Cal.App.2d 324 [280 P.2d 497] ; *People* v. *Silva,* 119 Cal.App. 2d 421 [259 P.2d 74].) Whether or not the act of defendant in selling James liquor tended to cause him to become an idle, dissolute, lewd or immoral person was essentially a question for the trier of fact. (*People* v. *Deibert,* 117 Cal. App.2d 410, 416 [256 P.2d 355].) Applying the rule set forth in the Deibert case to the facts presented herein, the finding that such acts on the part of the defendant did so affect the minor was reasonable and fully justified under the evidence presented.

It is further contended by defendant that a cash register tape which was introduced by him into evidence was an uncontradicted and unimpeached original business entry and hence as such must be accepted as true. This particular bit of evidence showed that on the day in question a total of only

$10.95 in off-sale liquor was sold. Therefore defendant argues no liquor was sold to the minor in question, since the total price of the liquors bought by him was $12.35. The record was admitted into evidence solely as proof of the facts shown thereon; that is that it showed $10.95 in sales, not that which it did not show. The trier of fact could reasonably infer that the sale to James did not appear on the tape by reason of mistake, accident or design. (See *Egan* v. *Bishop,* 8 Cal.App. 2d 119, 123 [47 P.2d 500].) Furthermore this evidence was directly contradicted by the testimony of James that he purchased the liquor from the defendant.

Finally defendant assigns as error three rulings of the trial court sustaining objections to the admission of certain evidence offered by him. The first relates to his request that certain prosecution witnesses be required to show their wallets and the contents thereof to the court. In denying the request the court indicated that it would consider the matter if it later appeared that such examination should be had in justice to the defendant. However, no further request was made, and in the absence of a showing of prejudice no prejudice will be presumed. (See *People* v. *Carmen,* 43 Cal.2d 342, 347 [273 P.2d 521].)

It is next contended that the court erred in refusing the admission into evidence of the names of all of the other persons who attended the party on the evening in question, and that the court further erred in refusing to allow testimony as to whether James had ever purchased liquor from any other person. Defendant, by such evidence, apparently desired to show that other persons at the party had relatives in the liquor business, and hence it was more likely that James would have purchased the liquor from them than from himself. Certainly such evidence was wholly irrelevant in this proceeding since the sole question was whether or not defendant had sold liquor to James on this particular occasion.

It is further contended that the court also erred in denying admission into evidence of an affidavit by the secretary of defendant's counsel which was apparently offered for the purpose of showing the reason why the district attorney filed suit in the present proceeding. The second was an affidavit of counsel himself concerning a conversation with the district attorney for the purpose of showing possible prejudice in the county against the defendant. What may have been the district attorney's reason for initiating the proceeding was wholly irrelevant; and secondly, the only possible relevancy

of the affidavit of counsel would have been on a motion for change of venue, but no such motion was made and obviously no error may be predicated thereon.

 Subsequent to the filing of briefs, defendant petitioned this court for an order to take additional evidence upon the grounds that the evidence sought to be adduced would tend to prove that two witnesses were lying; that Chateau Laisne was closed at the time of the alleged sale to James; and that defendant did not make the purported sale.

Even assuming the propriety of such action by this court (see *People* v. *Cowan*, 38 Cal.App.2d 144, 153 [100 P.2d 1079]), the evidence sought to be introduced would be merely cumulative and could in no respect be conclusive of the fact that the defendant had not made the sale to James as alleged.

The motion for leave to produce additional evidence is denied. The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied October 9, 1958, and appellant's petition for a hearing by the Supreme Court was denied November 12, 1958.