UNITED STATES of America ex rel. Richard MACHADO, Relator-Appellant,

v.

Hon. Walter H. WILKINS, Warden of Attica State Prison, Attica, New York, Respondent-Appellee.

No. 49, Docket 29401.

United States Court of Appeals Second Circuit.

Submitted Sept. 28, 1965.

Decided Oct. 26, 1965.

Richard Machado, pro se.

Frank J. Pannizzo, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., on the brief), for respondent-appellee.

Before FRIENDLY and KAUFMAN, Circuit Judges, and BRYAN, District Judge.*

PER CURIAM.

Appellant Machado is presently serving a nine to ten year sentence as a second felony offender after conviction in 1960 of assault in the second degree on a plea of guilty, in the County Court of Queens County. He had previously been convicted of assault with intent to commit rape (a felony) in the Superior Court of California for Los Angeles County in 1953. By petition for writ of habeas corpus to the District Court for the Western District of New York, Machado challenged his sentence as a second offender on the ground that his first felony conviction in California was invalid because obtained in violation of his constitutional rights.

After a hearing at which appellant testified, Judge Burke made detailed findings of fact and concluded that no grounds for Federal relief were presented. From his order dismissing the petition this appeal is taken. Judge Burke denied, and this Court granted, a certificate of probable cause.

Appellant contends that the dismissal of his petition was error because (1) he was without counsel at a preliminary hearing and during the arraignment stage of the California proceedings; (2) at the trial the People's case was submitted on the transcript of the preliminary hearing and he was denied the right of confrontation and cross-examination; (3) a jury trial was waived over his objection and without his consent; and (4) part of the trial was conducted when he was absent from the courtroom.

At the hearing before Judge Burke appellant testified that when he was brought before a Magistrate, charged with assault with intent to commit rape and arraigned in the Superior Court of Los Angeles County, he was not advised of his right to counsel, was not represented by counsel and was not confronted with the complainant; that the People's case was submitted on the transcript of the preliminary hearing, over objections which he had made to his counsel and to the court; that he had told his counsel that he wanted a jury trial but that his counsel had nevertheless waived a jury; and that he was not in the courtroom during part of the trial. This was the only evidence in support of the petition.

Respondent relied on certified copies of the Register of Actions and the Clerk's minutes of the Los Angeles County Superior Court. The following appears from these records:

A complaint was filed against appellant on November 13, 1952, in the Los Angeles Municipal Court, for assault with

---

* Of the Southern District of New York, sitting by designation.

intent to commit rape. On November 20, 1952 appellant appeared before the Municipal Court and was held to answer the complaint. On December 2, 1952 an information charging the appellant with that crime was filed in the Superior Court.

On December 4, 1952 appellant appeared in the Superior Court for arraignment, the Public Defender was assigned as his counsel and the arraignment was put over until December 10, 1952. On that day a plea of not guilty was entered and the case was set down for trial on January 20, 1953. Trial commenced on that day, with the appellant represented by a deputy public defender. A jury trial was waived by the defendant, his counsel, and the district attorney, the People's case was submitted on the transcript of the testimony taken at the preliminary hearing, and a doctor was appointed to examine appellant as to his mental condition.

Trial was resumed on February 6, 1953. After appellant testified in his own behalf the court found him guilty as charged.

He was represented by a deputy public defender throughout the trial and the subsequent proceedings with respect to sentence, commitment for psychopathic examination and treatment as a sexual psychopath, motion for a new trial and eventual release on probation.

■ As Judge Burke found, appellant made no showing that any of his rights were prejudiced by lack of counsel at the preliminary hearing or during any portion of the proceedings on arraignment. All of his rights were preserved and could be fully protected prior to or during trial when he was represented by the public defender. Appellant admitted that his counsel conferred with him three or four times prior to trial. He was represented by counsel throughout the trial and all subsequent proceedings. Neither the preliminary hearing nor the arraignment at which he pleaded not guilty were critical stages of the proceedings within the compass of Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). Appellant was not denied any constitutionally protected right to counsel. United States ex rel. Caccio v. Fay, 350 F.2d 214 (2d Cir. 1965); United States ex rel. Cooper v. Reincke, 333 F.2d 608 (2d Cir. 1964); United States ex rel. Spinney v. Fay, 221 F.Supp. 419 (S.D.N.Y., 1963), aff'd 325 F.2d 436 (2d Cir. 1963).

■ Under California law, appellant's counsel had the right to examine the transcript of the preliminary hearing prior to trial and to object to its introduction in evidence. People v. Laisne, 163 Cal.App.2d 554, 329 P.2d 725 (3rd Dist.1958). Instead, his counsel stipulated that the People's case be submitted on the preliminary transcript and thus consented to its introduction as a matter of trial strategy. There is no showing that the complaining witness was not available to testify at the trial had appellant's counsel deemed it expedient to cross-examine. This case is quite different from Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), on which appellant relies, where the preliminary transcript was admitted only over the strenuous objections of defendant's counsel.

■■ Judge Burke found that appellant consented to waive a jury trial. His unsubstantiated testimony that his counsel waived a jury despite his objection was contradicted by the Clerk's minutes of the trial. The minutes state that "the defendant, his counsel and the district attorney" consented to waive a jury. Such records are presumed to be regular. Marcello v. United States, 328 F.2d 961 (5th Cir., 1964), cert. denied, 377 U.S. 992, 84 S.Ct. 1916, 12 L.Ed.2d 1045 (1964); cf. United States ex rel. Abair v. Wilkins, 333 F.2d 742 (2d Cir., 1964). Judge Burke expressly rejected appellant's testimony to the contrary. Credibility was for the District Court. The record supports Judge Burke's finding.

■ The Clerk's minutes state that appellant was present at the trial. Judge Burke so found and rejected appellant's

contrary testimony. His finding is supported by the record.

■ In essence the appellant's position is that as a matter of hindsight he disagrees with his counsel's trial strategy and therefore claims that he was not competently represented. Appellant is bound by the strategy which his counsel adopted, Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), unless he was so inadequately represented as to make the trial a mockery of justice. United States v. Garguilo, 324 F.2d 795 (2d Cir., 1963).

■ This is far from true here. Considering the circumstances, the psychiatric factors involved and the light sentence which was eventually imposed, it cannot be said that the strategy adopted by the Public Defender representing the appellant was ill-advised. Much less can it be said that he was so incompetently represented as to be denied the assistance of effective counsel in violation of his constitutional rights.

Affirmed.