[Crim. No. 13631. Second Dist., Div. One. Apr. 10, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. GERALD ALBERT CAMERANO et al., Defendants and Appellants.

Raymond H. Miller, under apppointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Marvin A. Bauer, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—Gerald Albert Camerano and Henry Camerano appeal from the separate judgments by the court, sitting without a jury, convicting each of them of possession of heroin in violation of section 11500, Health and Safety Code.

Appellants, who are brothers, were jointly tried and by stipulation the case was determined on the transcript of the joint preliminary hearing. The record establishes that each of the brothers possessed a substantial quantity of heroin.

During the latter part of February 1966, Officer Penn R. Weldon was informed by Jerry Martin, in the presence of Detective Luciano, that on separate occasions Martin had purchased heroin from one or the other of two brothers known as "Grumpy" and "Jerry" who were operating in the South San Gabriel area. Martin knew that Jerry lived on Hershey Street and that Grumpy lived on Young Street, and he gave Grumpy's telephone number to Officer Weldon. Officer Weldon ascertained that the telephone number was listed at an address on Young Street, that Grumpy's real

name was Henry Camerano, and that "Jerry" was Gerald Camerano. A couple of weeks later, Detective Luciano notified Officer Weldon that a narcotics addict recently taken into custody said he had been "scoring heroin from Grumpy" at the same telephone number.

On the information supplied by both informants, Officer Weldon obtained a search warrant and at around 3 a.m. on March 4, 1966, accompanied by several other officers, he visited and forcibly entered Gerald Camerano's garage apartment. Although the officers heard no sounds when they arrived, there was a bright light burning in the bathroom which illuminated the interior of the apartment. When the officers entered Gerald Camerano ran out of the bathroom and was presented with a search warrant. The officers proceeded with the search. In Gerald's bedroom they found narcotics equipment and colored balloons containing a tan powder which was later analyzed as heroin; they found three milk sugar cans in the kitchen cupboard. The officers then placed Gerald under arrest, advised him of his constitutional rights, and asked whether he had any brothers living in the area, which he denied.

About an hour after they had completed the search and arrest of Gerald Camerano the officers went to Grumpy's address on Young Street. When they arrived they saw a young man drive into the garage; they stopped him and asked whether he knew the Camerano family. The young man knew the Cameranos, pointed out their home and identified their car, a 1965 two-tone Chevrolet previously described by the informant, which was parked in the drive. The officers, whose suspicions had been confirmed by Gerald's arrest, approached and forcibly entered his brother's home where they found Henry Camerano in bed with his wife. Officer Weldon then announced that he was making a narcotics search, appre- hended the narcotics paraphernalia lying on a table just inside the bedroom door, which included several balloons containing heroin, then placed Henry Camerano under arrest. Officer Weldon testified that one reason he did not knock before entering either Henry's or Gerald's residence was that he believed there was a strong possibility that the occupants might dispose of any narcotics on the premises before admit- ting him.

Appellants contend that the evidence was insufficient to sustain either conviction; that there was no probable cause for the issuance of a search warrant for Gerald's premises and no probable cause for the arrest of Henry; that the police made

an unlawful entry in each instance and the evidence resulting therefrom should be suppressed. These contentions are without merit.

Appellants first contend that the evidence is insufficient to sustain either of the convictions. ■ An appellate court will not reverse a criminal conviction unless it clearly appears that under no hypothesis whatever is the evidence sufficient to support the judgment. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

■ It was incumbent upon the prosecution to prove that the appellants exercised dominion and control over the heroin with knowledge of its presence and narcotic character. (*People* v. *Mora,* 232 Cal.App.2d 400, 405 [42 Cal.Rptr. 725]; *People* v. *Roberts,* 228 Cal.App.2d 722, 726-727 [39 Cal.Rptr. 843].) Both knowledge and possession may be established by circumstantial evidence and any reasonable inferences drawn therefrom. (*People* v. *Estrada,* 234 Cal.App.2d 136 [44 Cal. Rptr. 165, 11 A.L.R.3d 1307]; *People* v. *Thomas,* 210 Cal.App. 2d 553, 556 [26 Cal.Rptr. 843].) ■ Narcotics paraphernalia and four balloons containing eight grams of heroin each were found in Gerald's bedroom. There was no evidence that anyone else had access to the premises. Narcotics paraphernalia and twenty-two grams of heroin were discovered unconcealed in the bedroom occupied only by Henry and his wife, who was not charged. This substantial evidence amply supports the conviction of each defendant.

■ Appellants attack the search warrant issued for Gerald's person and premises on the basis that it was not shown that the information contained in the officer's supporting affidavit was obtained from a known reliable informant. The court, however, observed that one of the informants was well known not only to the officers, but to the court, and his reliability had frequently been substantiated. The court denied the motion to quash the search warrant upon that basis, and we find no reason to draw inferences of unreliability contrary to the findings made by the trial court.

■ "It is the function of the trier of the facts, not that of a reviewing court, to appraise and weigh the evidence when presented by affidavit as well as when presented by oral testimony." (*Arata* v. *Superior Court,* 153 Cal.App.2d 767, 772 [315 P.2d 473] (fn. n).)

■ Henry contends that there was insufficient probable cause for his arrest. The information received by Officer

Weldon from informant Jerry Martin, corroborated by information received from a subsequent arrestee, established a reasonable suspicion that Henry, otherwise known as "Grumpy," was dealing in heroin. ■ "[I]nformation given by an untested informant or arrestee is nevertheless sufficient if it is 'corroborated, in essential respects, by other facts, sources or circumstances.' [Citations.] Such corroboration need not itself amount to reasonable cause to arrest; its only purpose is to provide the element of 'reliability' missing when the police have had no prior experience with the informant. Accordingly, it is enough if it gives the officers reasonable grounds to believe the informant is telling the truth, for in this type of case the issue is 'not whether the information obtained by the officers emanated from a reliable source, but whether the officers could reasonably rely upon that information under the circumstances.' [Citations.]" (*People* v. *Lara*, 67 Cal.2d 365, 374-375 [62 Cal.Rptr. 586, 432 P.2d 202].) ■ Since the officers were entitled to rely on the information that Henry possessed narcotics from which he had been peddling, and the reliability of the information was confirmed and reinforced by the discovery of a substantial cache of narcotics at his brother Gerald's residence, probable cause for his arrest was established.

■ Finally, appellants attack the evidence acquired following the forcible entries made by the police at each of their respective residences on the basis that police conduct violated their constitutional rights and rendered the search of the premises illegal in each instance. ■ The police are customarily required to announce their presence and intentions before making a forcible entry to search or arrest the occupant. (Pen. Code, §§ 844 and 1531.) Where the arrest, however, is authorized by a warrant or is justified by probable cause, failure to comply with these statutory provisions may under exceptional circumstances be excused. ■ "[C]ompliance is not required if the officer's peril would have been increased or the arrest frustrated had he demanded entrance and stated his purpose. [Citations.] Without the benefit of hindsight and ordinarily on the spur of the moment, the officer must decide these questions in the first instance." (*People* v. *Maddox*, 46 Cal.2d 301, 306 [294 P.2d 6].) Particularly is this true in narcotics cases where evidence may be so quickly and easily destroyed. (*People* v. *Villanueva*, 220 Cal. App.2d 443 [33 Cal.Rptr. 811].)

Recent decisions have cast some doubt upon the authority

of police officers to execute a forcible entry merely because of their common knowledge that it is the general propensity of narcotics possessors to dispose of the evidence before they admit law officers. "Under the Fourth Amendment, a specific showing must always be made to justify any kind of police action tending to disturb the security of the people in their homes. Unannounced forcible entry is in itself a serious disturbance of that security and cannot be justified on a blanket basis. . . . Just as the police must have sufficiently particular reason to enter at all, so must they have some particular reason to enter in the manner chosen." (*People* v. *Gastelo,* 67 Cal.2d 586, 588-589 [63 Cal.Rptr. 10, 432 P.2d 706].)

 Police were armed with a warrant to search Gerald's person and premises with reasonable cause to believe that he possessed substantial quantities of heroin. They were guided not by the mere suspicion that they might invade the premises of an ordinary user, but by the probability that the Camerano brothers were dealing in large quantities of heroin. The apartment was illuminated when they arrived and they reasonably believed that compliance with Penal Code, section 1531, might render their mission and the careful investigation which had preceded it futile. Their decision was clearly justified and the evidence thus obtained from a legal search was admissible.

As to Henry Camerano, the officers had neither a search nor an arrest warrant, so the burden was upon the prosecution to demonstrate that they had proper justification to enter and arrest him. (*People* v. *Henry,* 65 Cal.2d 842, 845 [56 Cal.Rptr. 485, 423 P.2d 557].) If there was sufficient probable cause to entitle the officers to arrest Henry however, the contraband then obtained was properly admitted in evidence. "The question of probable cause to justify an arrest without a warrant must be tested by the facts which the record shows were known to the officers at the time the arrest was made." (*People* v. *Talley,* 65 Cal.2d 830, 835 [56 Cal.Rptr. 492, 423 P.2d 564].) Clearly the officers had personal knowledge, as the trial court determined, of sufficient facts to justify Henry's arrest. The basic facts were substantially the same as those which prompted the court to issue a search warrant for Jerry. The suspicions originally aroused by that information were verified when the officers arrested Jerry with heroin in his possession, and they then had reason to believe that if they did not immediately arrest his brother Henry their efforts might be totally frustrated when Henry learned of Jerry's

arrest. There was no opportunity to obtain a warrant. The officers therefore properly exercised their judgment in proceeding immediately and without notice to apprehend Henry and to seize the contraband which they found in plain view at his residence.

The officers in so proceeding were not operating on stale information or mere speculation concerning the known general propensities of narcotics addicts. Instead, they were possessed of current information from a user and informant, who disclosed that Jerry and Henry, within the 24-hour period preceding their arrest, had been engaged in diluting a substantial quantity of heroin preparatory to selling or otherwise disposing of it. The prevention or destruction of evidence continues to be an exigent circumstance deserving of consideration in allowing the police to exercise their sound judgment as to whether to give prior notice of a contemplated search or arrest under the specific facts and circumstances, and to avoid notice where such destruction is likely. The search was reasonable and the evidence thereby obtained was admissible.

The judgments appealed from are, and each is, affirmed.

Wood, P. J., and Lillie, J., concurred.