[Crim. No. 20567. Second Dist., Div. Five. June 26, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYBURN BRYANT SMITH, Defendant and Appellant.

**COUNSEL**

Dudley Gray for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and James H. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT**—Defendant was charged by information with grand theft. (Pen. Code, § 487, subd. 1.) He pleaded not guilty and waived jury trial. The cause was submitted on the preliminary hearing transcript,[1] plus certain other stipulations. The court found defendant guilty. Motion for new trial was denied. Imposition of sentence was suspended. Defendant was placed on three years' probation conditioned, among other things, on his spending two months in county jail and paying a $500 fine. He appeals from the judgment (order granting probation).

The evidence adduced at the preliminary hearing was as follows: Kenneth Johnson, supervisor of supplies for Trans World Airlines, testified to finding certain airplane parts missing from stock. The parts were valued at $62,447. Defendant did not have permission to remove these parts from TWA's premises.

Officer Van Dyken of the Los Angeles Police Department testified that he arrested a Daniel Welch on January 19, 1971, and that the TWA

---

[1]Defendant personally agreed to the submission. There were no express enumerations or waivers of the right of confrontation or the privilege against self-incrimination. It is clear, however, that neither party regarded the submission as tantamount to a guilty plea. Defendant submitted written points and authorities to the trial court and both parties argued at length over the sufficiency of the evidence, an issue which we have found to be a reasonably close one. Under the circumstances the submission was satisfactory. (*In re Mosley*, 1 Cal.3d 913, 924-925, fn. 9 [83 Cal.Rptr. 809, 464 P.2d 473].) Defendant does not claim otherwise.

airplane parts referred to by Johnson were found in the trunk of Welch's car.

Daniel Welch testified for the prosecution, after having been advised of his privilege against self-incrimination. His testimony was given voluntarily, without any promise of immunity. Welch, an unemployed flight engineer, met defendant in a bar in November 1970. Welch knew that defendant was employed by TWA. Defendant and Welch had a conversation concerning airplane parts. When asked to relate the conversation, Welch stated, "Well, there was a possibility that from time to time—that there could possibly be airplane parts had." The court characterized this testimony as the witness' interpretation of what was said and asked Welch to relate the conversation verbatim. Welch said that he could not as it was "too vague to remember." As Welch recalled the gist of the conversation it was that defendant had said that "at possibly sometime in the future there would be a possibility of getting aircraft parts," and that Welch had replied "that there was possibly a chance of disposing of aircraft parts."

After his conversation with defendant, Welch spoke to a Harold Gray about disposing of airplane parts. Gray told Welch that he could dispose of airplane parts for him. Welch had known Gray for eight years. Gray was in the business of vending aircraft parts.

In mid-December 1970 Welch had another conversation with defendant, this time by telephone. Welch did not remember whether he called defendant or vice versa. Welch asked defendant if the parts were still available and defendant said "they might be."

There were additional telephone conversations between defendant and Welch in late December, all relating to the "ability of getting the parts." Defendant was not certain "when the ability would be." In early January 1971 defendant advised Welch in a telephone conversation that he had eight parts available. He wanted to know when Welch could get a buyer for them. On January 18, 1971, defendant delivered the eight parts to Welch. These were the parts taken from the trunk of Welch's car following his arrest. Welch had discussed price with defendant over the phone before defendant delivered the parts. Welch planned to sell the parts the following afternoon, January 19, and then meet defendant and pay him $8,000.

There was a total of five face-to-face meetings between defendant and Welch, two in the bar, two at Welch's home, and the final one at Welch's home when defendant delivered the parts to him. The transaction involving airplane parts was not discussed at all during their second meeting in the bar. Welch telephoned defendant about 20 to 24 times between the

time of their first meeting and the time defendant delivered the parts to him. The early conversations dealt with price and availability. The record is silent as to whether an actual agreement as to price was reached before defendant came into possession of the parts. At the time he testified, Welch was facing a charge of receiving stolen property as a result of his involvement in the transaction.

In addition to the foregoing evidence adduced at the preliminary hearing, the parties stipulated that defendant was employed by TWA in December 1970 and January 1971 and that he had access to the airplane parts in question. They further testified that one Joe Froberg, who was not further identified, be deemed to have testified that he had talked to Welch about airplane parts on January 13, 1971, and that an arrangement was made that Froberg would meet Welch on January 19, 1971, to receive the parts and pay him $11,000.

On this appeal defendant contends: that the evidence was insufficient to sustain the conviction; and that the sentence imposed on him was excessive under the circumstances. In support of his first contention defendant asserts that Welch and defendant conspired to commit the theft, that Welch was therefore an accomplice in the offense charged against defendant, that defendant could not be convicted on the uncorroborated testimony of an accomplice (Pen. Code, § 1111), and that the record contained no corroboration of Welch's testimony sufficient to implicate defendant in the theft and sustain his conviction.

■ Under ordinary circumstances a thief and a receiver of stolen property are not accomplices. (*People* v. *Lima,* 25 Cal.2d 573, 576 [154 P.2d 698].) An exception to this rule exists where the theft arises out of a conspiracy between the thief and the receiver of the stolen property. The test for determining whether one is an accomplice is to ascertain whether he is liable for prosecution for the same offense for which the defendant is on trial. Applying this test to a thief and a receiver of stolen property, it has been held that " ' . . . where the thief and the receiver of the stolen goods conspire together to steal the property with a prearranged plan for the one who actually commits the theft and makes the asportation to deliver the property to the other at an agreed time and place, the receiver of the stolen goods is an accomplice in the theft, . . .' " (*People* v. *Lima, supra,* 25 Cal.2d 573, 578.) In *Lima* the defendant was the receiver of stolen olives. The thief testified that the thefts of the olives and defendant's purchase of them were all pursuant to an agreement made early in the olive season that defendant would buy all the stolen olives the witness could bring him. (25 Cal.2d at p. 576.) The court found that the defendant and the thief were accomplices.

In the case at bench the trial court found first that the evidence did not compel the conclusion that defendant and Welch were accomplices as a matter of law, and then found that they were not accomplices as a matter of fact. ■ The burden of proving that a witness was an accomplice was upon the defendant. (*People* v. *Johnson,* 18 Cal.App.3d 458, 464 [95 Cal.Rptr. 316, 96 Cal.Rptr. 695].) The defendant did not meet the burden in this case. We must, of course, sustain the finding of the trial court if there is any substantial evidence to support it and draw all reasonable inferences in its favor. (*People* v. *Mosher,* 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659].) In this regard we note that Welch, unlike the thief in *Lima, supra,* did not testify to the formation of any agreement prior to theft. Rather Welch testified that his conversations with defendant, at least those he was asked about, remained rather vague. The trial court could certainly conclude on the basis of this testimony that all of the conversations prior to the theft remained vague,[2] and it is reasonably inferable that no agreement as to time and place of delivery was reached until after the theft was accomplished. It is also inferable that although there were discussions about price in the early conversations between defendant and Welch, no agreement as to price was reached until after the theft was completed. For all we know defendant may well have been negotiating with other potential fences and decided ultimately to deal with Welch only because he offered the best price after the theft was accomplished. Finally, it is inferable from defendant's inquiry after the theft as to when Welch could get a buyer that no firm arrangements preceded the theft. ■ Defendant's assertion to the contrary notwithstanding, Welch's credibility was of course a matter solely within the discretion of the trial court despite the fact that that court did not personally observe him due to the submission on the transcript. (*People* v. *Harrington,* 2 Cal. 3d 991 [88 Cal.Rptr. 161, 471 P.2d 961].) An appellate court does not reweigh the evidence even though it was before the trier of fact in the form of a reporter's transcript (*People* v. *Laisne,* 163 Cal.App.2d 554, 557 [329 P.2d 725]) or an affidavit (*People* v. *Camerano,* 260 Cal.App.2d 861, 865 [67 Cal.Rptr. 446] [disapproved on another ground in *People* v. *De Santiago,* 71 Cal.2d 18, 30, fn. 8 (76 Cal.Rptr. 809, 453 P.2d 353)]) instead of live testimony of witnesses. ■ For the reasons outlined above we believe that the question of whether Welch and defendant were accomplices remained one of fact (*People* v. *Hamilton,* 143 Cal.App. 2d 305, 310 [299 P.2d 716]), and that the court's finding that they were not accomplices is supported by the record.

Defendant complains that his sentence is excessive because Welch

---

[2]In fact this conclusion did not require that inferences be drawn, but that Welch's testimony be taken at face value.

received only a $250 fine and was not required to spend any time in custody.[3] ■ The question of sentencing is a matter within the exclusive jurisdiction of the trial court so long as it imposes a penalty within limits authorized by statute. (*People* v. *Schafer,* 161 Cal. 573, 580 [119 P. 920].) ■ A defendant has no constitutional equal protection right to a lighter penalty merely because another defendant, convicted of a different offense, albeit one arising out of the same incident, receives a lighter penalty from a different sentencing judge. (Cf. *People* v. *Smith,* 259 Cal.App.2d 868, 872-873 [66 Cal.Rptr. 586].)

The judgment (order granting probation) is affirmed.

A petition for a rehearing was denied July 26, 1972.

---

[3]Welch's superior court file was brought to the attention of the court below and we have been requested to take judicial notice of it.